09-4806-cr
*USA v. Ortiz*

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

### SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 23rd day of September, two thousand and ten.

PRESENT: ROGER J. MINER,
        PIERRE N. LEVAL,
        RICHARD C. WESLEY,
          *Circuit Judges.*

---

UNITED STATES OF AMERICA,

        *Appellee,*

    -v.-                        09-4806-cr

NATHANIEL L. ORTIZ,

        *Defendant-Appellant.*

---

FOR APPELLANT:     MARC L. GREENWALD, Peter N. Tsapatsaris, Isaac Nesser, Quinn Emanuel Urquhart Oliver & Hedges, LLP, New York, NY

FOR APPELLEE:      **MICHAEL D. MAIMIN, Assistant United States Attorney, (Preet Bharara, United States Attorney for the Southern District of New York, Todd W. Blanche and Katherine Polk Failla, Assistant United States Attorneys, of counsel) New York, NY.**

Appeal from the United States District Court for the Southern District of New York (Chin, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgment of the district court be **AFFIRMED.**

Plaintiff-appellant, Nathaniel L. Ortiz ("Appellant"), appeals from a judgment of the United States District Court for the Southern District of New York (Chin, *J.*), entered on November 12, 2009, convicting Appellant of conspiracy to distribute fifty grams or more of crack cocaine, in violation of 21 U.S.C. § 846 and brandishing a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. §§ 924(c)(1)(A)(ii), 2.  We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review.

Appellant advances four arguments on appeal.  First, he

argues that the evidence was insufficient to prove the charged conspiracy for three of the four and a half years charged in the Superseding Indictment (the "Indictment"). Second, he argues that there was a substantial variance between the dates of the conspiracy alleged in the Indictment and the proof adduced at trial. Third, he argues that the district court erred in admitting into evidence certain hearsay statements. Finally, he argues that his sentence is substantively unreasonable.

We conclude that the evidence is sufficient to show the existence of a drug conspiracy lasting from 2004 until 2008 and to link Appellant to the conspiracy for its full duration.[1] **A defendant challenging the sufficiency of the evidence bears a "heavy burden," because this Court "must consider the evidence in the light most favorable to the prosecution and uphold the conviction if any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt."  United States v. Aguilar, 585 F.3d 652, 656 (2d Cir. 2009) (internal quotation marks**

---

[1] We review a challenge to the sufficiency of the evidence de novo.  United States v. Yannotti, 541 F.3d 112, 120—21 (2d Cir. 2008).

3

omitted)(emphasis in original). Where a defendant challenges the sufficiency of the evidence in a conspiracy, "deference to the jury's findings is especially important . . . because a conspiracy by its very nature is a secretive operation, and it is a rare case where all aspects of a conspiracy can be laid bare in court with . . . precision." United States v. Santos, 541 F.3d 63, 70 (2d Cir. 2008)(internal quotation marks omitted). "Both the existence of a conspiracy and a given defendant's participation in it with the requisite knowledge and criminal intent may be established through circumstantial evidence." See United States v. Stewart, 485 F.3d 666, 671 (2d Cir. 2007).

Appellant does not dispute the substantial and direct evidence proving his leadership of the drug distribution conspiracy throughout 2007 and 2008. Though less substantial, there is nonetheless an array of circumstantial evidence of the conspiracy's existence and Appellant's involvement for 2004 through 2006. That evidence includes, inter alia: (1) 2004 undercover purchases of crack cocaine in Appellant's signature black dime bags occurring at 1269

4

Grand Concourse; (2) the unreported income of Appellant and his now wife allowing her to purchase a number of luxury automobiles; (3) testimony regarding a witness' personal knowledge of ongoing crack sales at 1269 Grand Concourse during 2004; and (4) testimony regarding ongoing crack sales on behalf of Appellant at the same location from at least 2006. This evidence, considered in its totality, is sufficient for a rational jury to infer Appellant's continued participation, dating back to 2004, in the same drug distribution conspiracy shown to exist in 2007 and 2008.

In any event, reversal of the conviction is not appropriate because Appellant cannot show an impermissible variance between the Indictment and the proof, nor can he show requisite prejudice. A variance occurs "when the charging terms of the indictment are left unaltered, but the evidence at trial proves facts materially different from those alleged in the indictment." *United States v. Dupre*, 462 F.3d 131, 140 (2d Cir. 2006) (internal quotation marks omitted). Reversal of the conviction is warranted only if the alleged variance prejudiced the defendant. *Id.*

Prejudice exists if the variance "infringes on the substantial rights that indictments exist to protect — to inform an accused of the charges against him so that he may prepare his defense and to avoid double jeopardy." *Id*.

"[A]n indictment date only needs to be substantially similar to the date established at trial." *United States v. Teague*, 93 F.3d 81, 84 (2d Cir. 1996). "[S]ignificant flexibility in proof," is permissible "provided that the defendant was given notice of the core of criminality to be proven at trial." *United States v. Heimann*, 705 F.2d 662, 666 (2d Cir. 1983). Furthermore, "[p]articularly with respect to allegations of time, we have permitted proof to vary from the indictment provided that the proof fell within the period charged." *Id.* This is especially true where, as here, time is not an element of the charged offense. *See id.* at 669.

Even assuming that the evidence for 2004 through 2006 was insufficient, the undisputed evidence from 2007 and 2008 fell within the time period charged in the Indictment. Further, the 2007—2008 evidence did not prove criminal activities that were materially different than those in 2004—2006. Thus, Appellant was at all times on notice of

6

the "core criminality" to be proven at trial. *See Heimann*, 705 F.2d at 666, 669.

For similar reasons Appellant cannot show prejudice. He was on notice of the exact crimes charged and could mount a proper defense, and the government cannot retry him for the same 2004–2008 conspiracy. *See Dupre,* 462 F.3d at 140. Absent prejudice, reversal of the conviction is not merited.

In light of the discussion above, we need not determine whether the district court abused its discretion in admitting certain hearsay statements from an unavailable witness. Such an error would be harmless in light of the overwhelming evidence for 2007 and 2008 and our conclusion that no prejudicial variance exists. *See United States v. Padilla,* 548 F.3d 179, 190 (2d Cir. 2008).

Finally, we conclude that Appellant's life sentence is not substantively unreasonable. We will not "substitute our own judgment for the district court's on the question of what is sufficient to meet the § 3553(a) considerations in any particular case." *United States v. Cavera*, 550 F.3d 180, 189 (2d Cir. 2008). We will "set aside a district court's *substantive* determination only in exceptional cases where the trial court's decision cannot be located within the

7

range of permissible decisions." *Id.* (emphasis in original) (internal quotations omitted).

At Appellant's sentencing hearing, the district court considered a number of factors including the quantity of drugs involved; Appellant's leadership role in the organization; his multiple prior convictions including one for attempted murder; and his employment of youths in the criminal conspiracy. In light of these factors, the district court adopted the life sentence recommended in the Presentence Report. Nothing in the record suggests that the district court abused its discretion, and we conclude that the sentence is substantively reasonable.

For the foregoing reasons, the judgment of the district court is hereby **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

By:

8